# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ] | |
| | ] | |
| v. | ] | 6:13-CR-438-KOB-JHE |
| | ] | |
| BRANDON JOSEPH PEAKE, | ] | |
| | ] | |
| Defendant. | ] | |

## MEMORANDUM OPINION

This matter comes before the court on Brandon Joseph Peake's "Time Sensitive Motion for Compassionate Release" filed on November 17, 2020 (doc. 24); the Government's opposition and response (doc. 28); and Mr. Peake's reply (doc. 29). For the following reasons, the court will deny Mr. Peake's motion.

Mr. Peake pled guilty on December 18, 2013 to armed bank robbery, brandishing a firearm during and in relation to the bank robbery, making a bomb threat, and three counts of being a felon in possession of a firearm; the court sentenced him to 135 months imprisonment on July 24, 2014. (Docs. 15 & 19). He has served approximately 88 months of his federal sentence and is currently housed at FCI Lompoc. Mr. Peake claims that he is "approximately 36 months away from completing his sentence and being released from prison altogether."[1]

---

[1] The State of Alabama also indicted Mr. Peake for first-degree robbery and making a terrorist threat arising out of the same conduct. The state court sentenced him to 159 months' imprisonment for the robbery and 10 years' imprisonment for the terrorist threat, to run concurrently with each other and with his federal sentence. The state court also sentencing Mr. Peake to 159 months' imprisonment on two drug charges that "pre-dated the conduct

1

Mr. Peake seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, to allow him to care for his mother, Deborah Peake, who is scheduled to have foot surgery on December 16, 2020. Mr. Peake alleges that no one else in his family can take care of his mother and that his mother's "extensive surgery" will require her to "be off her reconstructed foot for 3 months." (Doc. 24 at 9).

Mr. Peake also claims that his obesity and hypertension put him at an increased risk of a severe illness if he contracts COVI-19; that "prisons remain incredibly dangerous during this epidemic"; and that USP Lompoc has "had at least 2 COVID-19 deaths." (Doc. 29 at 4).

Upon consideration of Mr. Peake's motion and all of the filings related to it, the court finds no current entitlement to compassionate release under § 3582(c)(1)(A). Thus, the court finds that it must deny his motion.

*DISCUSSION*

Section 3582, as amended by the First Step Act, states that courts generally cannot alter or modify a term of imprisonment after imposition, but the court can reduce an inmate's term of imprisonment upon a motion for sentence modification from the Bureau of Prisons or from a prisoner, where the prisoner has exhausted

---

leading to the federal case." (Doc. 24 at 3). The Alabama Board of Pardons and Paroles granted Mr. Peake parole on the robbery and terrorist charges on August 7, 2018 but denied parole on the drug charges. He completed his state sentence for the drug charges approximately one year later in August 2019 (Doc. 24-1 & 24-2).

2

administrative remedies. 18 U.S.C. § 3582(c)(1)(A). A prisoner can exhaust administrative remedies by (1) pursuing all avenues of appeal of the BOP's failure to bring a motion for modification of sentence, or (2) by filing a request for relief with the warden to which the warden does not respond within 30 days. *Id.*

As an initial matter, the court notes that it can properly consider Mr. Peake's motion for compassionate release because the warden at FCI Lompoc did not respond to Mr. Peake's request for compassionate release within 30 days. (Doc. 24 at 5). So, Mr. Peake properly exhausted his administrative remedies and can request a modification of his sentence directly from the court. *See* 18 U.S.C. § 3582(c)(1)(A). Nevertheless, the court finds that Mr. Peake has not met his burden of showing that he meets the criteria for compassionate release under § 3582(c)(1)(A)(i).

The court can grant a motion for modification of sentence where "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A)(i). In general, the defendant has the burden to show circumstances meeting the test for a reduction of sentence. *United States v. Hamilton*, 715 F.3d 328, 327 (11th Cir. 2013); *see also United States v. Heromin*, 2019 U.S. Dist. LEXIS 96520, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (applying this burden of proof after the implementation of the First Step Act).

Mr. Peake argues that he should qualify for compassionate release based on "extraordinary and compelling reasons." *See* 18 U.S.C. § 3582(c)(1)(A)(i). However, a reduction on those grounds must also be "consistent with applicable policy statements issued by the Sentencing Commission." *See id*. Rather than define "extraordinary and compelling circumstances" itself, Congress instructed the Sentencing Commission to promulgate policy statements regarding § 3582(c)(1)(A), including the "criteria to be applied and a list of specific examples" of extraordinary and compelling reasons for modifying imposed sentences. 28 U.S.C. § 994(a)(2)(C), (t).

The Sentencing Commission guidance states that, provided an inmate is not a danger to the community, he can show extraordinary and compelling reasons for sentence modification because of a medical issue where (1) "The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)"; or, (2) the defendant is suffering from a medical condition that "substantially diminish[es] the ability of the defendant to provide self-care within the environment of the correctional facility" and from which recovery is unlikely. U.S.S.G. § 1B1.13, application note 1(A).

Under this Sentencing Commission policy statement, the facts in Mr. Peake's situation do not support a sentence reduction or compassionate release

based solely on his medical condition.  He has not shown that he suffers from a "terminal illness (i.e., a serious and advanced illness with an end of life trajectory. *See* U.S.S.G. § 1B1.13, application note 1(A).  Mr. Peake also has not shown that his obesity and hypertension substantially diminish his ability to provide self-care within the environment of the correctional facility.  *See id.*  Therefore, Mr. Peake does not qualify for compassionate release based solely on his medical condition.

 Another extraordinary and compelling reason in the Sentencing Commission's policy statement involves the "death or incapacitation of the caregiver of the defendant's minor child or minor children." *Id.* § 1B1.13 cmt. 1(C).  Mr. Peake admits taking care of his mother does not fit into this circumstance, but he urges the court to apply the catch-all provision found in Subsection D of the policy statement.

 Subsection D of the statement allows a reduction in sentence for "other reasons" where, "*[a]s determined by the Director of the Bureau of Prisons*, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with" the specifically enumerated circumstances meriting a sentence reduction.  U.S.S.G. § 1B1.13, application note 1(D) (emphasis added). To this court's knowledge, neither the Eleventh Circuit nor any other court in the Northern District of Alabama except this court has addressed whether relief under Subsection D's catch-all provision requires a recommendation from the BOP after

5

the implementation of the First Step Act, which for the first time allowed prisoners to bring their own motions under § 3582.  18 U.S.C. § 3582(c)(1)(A).

This court previously addressed this issue and found persuasive multiple district courts within this Circuit that have found that the policy statement, as written, remains in effect until the Sentencing Commission sees fit to change it; so, relief under Subsection D requires a finding *from the BOP* that the inmate has extraordinary circumstances that merit relief outside of those circumstances specifically enumerated in the policy.  *United States v. Mollica*, No. 2:14-CR-329-KOB, 2020 WL 1914956, at 1 (N.D. Ala. April 20, 2020); *see also Boles v. United States*, No. 14-0199-WS, 2020 WL 6937722, at * 2 (S.D. Ala. Nov. 24, 2020); *United States v. Lynn*, 2019 WL 3805349, at *4 (S.D. Ala. Aug. 12, 2019), *appeal dismissed,* No. 19-13239-F, 2019 WL 6273393 (11th Cir. Oct. 8, 2019); United States v. Terry, No. 3:10-cr-17-J-34JRK, 2020 WL 4261398, at * 3 (M.D. Fla. July 24, 2020); United States v. Pelloquin, No. 3:94cr3115-RV, 2020 WL 6556024, at *3 (N.D. Fla. May 29, 2020); *United States v. Willingham*, No. CR 113-010, 2019 WL 6733028, at *2 (S.D. Ga. Dec. 10, 2019).

Specifically, the District Court for the Southern District of Alabama explained that, in 28 U.S.C. § 994, Congress directed the Sentencing Commission to issue policy statements explaining what circumstances merit sentence reduction. *Lynn*, No. CR 89-0072-WS, 2019 WL 3805349, at *3.  Then, Congress "prohibited

6

courts from granting compassionate release unless 'such a reduction is consistent with applicable policy statements issued by' the Commission." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A), after its amendment by the First Step Act). Thus, if the policy statement needs to be changed, that responsibility falls to the Sentencing Commission (or, this court might add, Congress), not to the courts. *Id.* at 4. The District Court for the Southern District of Georgia agreed, stating that the "First Step Act *still* requires courts to abide by policy statements issued by the Sentencing Commission." *Willingham*, No. CR 113-010, 2019 WL 6733028, at *2 (citing 18 U.S.C. § 3582(c)(1)(A)) (emphasis in original).

At the time of this court's decision in *Mollica*, no Circuit Court had addressed this issue. Since that time, the Second, Sixth, and Seventh Circuits have recently held that the passage of the First Step Act rendered § 1B1.13 *inapplicable* to motions for compassionate release filed by prisoners. These courts reasoned that reductions in sentences under the First Step Act must be consistent with "applicable" policy statements, and because § 1B1.13 could not apply to post-First Step Act motions that now can be filed directly by prisoners, those policy statements are "inapplicable" to motions filed by prisoners. These courts maintain that, until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an "extraordinary and compelling" reason justifies a sentence reduction for

compassionate release for motions filed by prisoners. *United States v. Brooker*, 976 F.3d 228, 234 (2nd Cir. 2020); *United States v. Jones*, ___ F.3d ___, 2020 WL 6817488, at *1 (6th Cir. Nov. 20, 2020); *United States v. Gunn*, ___ F.3d ___, 2020 WL 6812995, at * 2 (7th Cir. Nov. 20, 2020).

This court finds the reasoning of our sister courts within this Circuit more persuasive than the reasoning in the recent cases in the Second, Sixth, and Seventh Circuits holding otherwise. The current language of § 3582(c)(1)(A), even after amendment by the First Step Act, states that a sentence reduction must be consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). Currently, the policy statement includes Subsection D's requirement for a BOP determination of extraordinary circumstances. Although the First Step Act procedurally changed who could file a motion for compassionate release, it did not change Congress' instruction for the Sentencing Commission to promulgate policy statements regarding § 3582(c)(1)(A), including the "criteria to be applied and a list of specific examples" of extraordinary and compelling reasons for modifying imposed sentences. *See* 28 U.S.C. § 994(a)(2)(C), (t). Congress empowered the Sentencing Commission, not district courts, to determine what should be considered "extraordinary and compelling" reasons for a compassionate release. *Terry*, 2020 WL 4261398, at *3. "Nothing in the First Step Act of 2018 changed this delegation of power." *Id*.

8

Until Congress changes the requirement to adhere to the policy statement, or the Sentencing Commission changes the policy statement itself, this court agrees with our sister courts and finds that Subsection D requires a finding of extraordinary circumstances *by the BOP* and continues to bind the court. The court agrees with the District Judge in *Pelloquin* that this finding is more consistent with the First Step Act and "avoids turning district courts into *de facto* parole boards who review whether any inmate who contends that his situation involves any type of 'extraordinary and compelling reason' is entitled to compassionate early release from prison." *See Pelloquin*, 2020 WL 6556024, at *3.

The BOP has not determined that Mr. Peake has extraordinary circumstances that merit a modification of sentence or compassionate release. *See* U.S.S.G. § 1B1.13, application note 1(D). Therefore, the court finds that Mr. Peake has not met the threshold for relief under Subsection D's catch-all provision.

Even if the policy statement did not bind the court and modification of his sentence did not require a recommendation from the BOP, this court in its discretion would not find that Mr. Peake's circumstances merit compassionate release. Although Mr. Peake contends that no one else in his family can take care of his mother, he has a sister not imprisoned who could arrange for the care of his mother. Those arrangements may be difficult and take sacrificial actions, but they are possible. The court is sympathetic towards Mr. Peake's mother's situation, but

her situation does not constitute an extraordinary and compelling reason to reduce Mr. Peake's sentence, especially considering the seriousness of his offenses.

Furthermore, § 3582 requires that a court contemplating a sentence reduction consider "the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). The court specifically and explicitly considered the § 3553(a) factors when imposing Mr. Peake's sentence and found that a sentence of 135 months accurately reflected his characteristics, the seriousness of his offenses, the need to promote respect for the law, and the need to protect the public from further crimes. *See* (Doc. 22 at 16-19); 18 U.S.C. 3553(a). The court noted the risk that Mr. Peake imposed on the lives of the people at the hospital who had to be evacuated because of his bomb threat and on the lives of the victims of his armed bank robbery. Although the court acknowledges Mr. Peake's good conduct record in prison, weighing all of the § 3582 factors warrant against a sentence reduction.

Mr. Peake does not meet the requirements for extraordinary and compelling circumstances meriting a modification of his sentence, so the court finds that he is not entitled to compassionate release under § 3582(c)(1)(A). Accordingly, the court will deny his motion for compassionate release.

The court will enter a separate Order denying the motion for compassionate release.

**DONE** and **ORDERED** this 9th day of December, 2020.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE